[Cite as *State v. Dennison*, 2022-Ohio-1961.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-42 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-148 |
| | : | |
| CHANCE CHRISTOPHER DENNISON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2022.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Chance Christopher Dennison appeals from his conviction, following guilty pleas, to one count of rape in violation of R.C. 2907.02(A)(1)(c)(B), a felony of the first degree (Count 1), and one count of pandering sexually oriented matter involving a minor or impaired person in violation of R.C.2907.322(A)(1)(C), a felony of the second degree (Count 4).   The court imposed a mandatory minimum term of eight years and a maximum term of 12 years on Count 1, and a minimum term of four years and a maximum term of six years on Count 4, to be served consecutively, for an aggregate sentence of 12 to 16 years.   We affirm the judgment of the trial court.

{¶ 2} After initially being charged by way of complaint in Champaign County Municipal Court, Dennison was bound over and indicted in the Champaign County Court of Common Pleas on the above offenses, as well as additional charges of rape, gross sexual imposition, pandering sexually oriented matter involving a minor or impaired person, and possessing criminal tools.   After initially pleading not guilty, on September 27, 2021, Dennison entered pleas of guilty to Counts 1 and 4, in exchange for which the other charges were dismissed.

{¶ 3} At the plea hearing, the trial court explained at length the potential sentences Dennison faced and the concept of indefinite sentencing, including how the minimum and maximum sentence would be determined under the Reagan Tokes Law, with examples. It also explained that both of the offenses to which Dennison was pleading guilty carried the potential for an indefinite sentence, but that if he were convicted of both, the indefinite sentence would only be imposed on the more serious offense.   The court described the

potential sentences in detail, including that his "total maximum sentence, worst case scenario, [was] 19 years to 24 and a half years." Dennison indicated that he understood the court's explanations and the potential sentences.

{¶ 4} The judgment entry of conviction states that, at the time of the offenses, Dennison was on probation in Champaign County M.C. Case No. 2021 TRC 511 for operating a vehicle while under the influence (OVI), and in Case No. 2021 CRB 295 for possession of marijuana. He was also on bond or personal recognizance in Champaign C.P. Case No. 2021-CR-118 for: having weapons while under disability, a felony of the third degree; possession of marijuana, a minor misdemeanor; illegal use or possession of marijuana drug paraphernalia, a minor misdemeanor; and failure to comply with underage alcohol laws, a misdemeanor of the first degree.

{¶ 5} The court also stated that it had considered the recidivism factors in R.C. 2929.12. Specifically, it stated:

Upon evaluation of the above factors set forth in R.C. 2929.12, the Court finds that, notwithstanding the mandatory requirement for imprisonment on Count One, the Court finds that a **term of imprisonment** is consistent with R.C. 2929.11 * * * to wit:

●Defendant was attending an underage gathering of teenage girls consuming alcohol at his neighbor's house, while he was on probation for a marijuana offense and on bond for an alcohol and marijuana offense, when he elected to subsequently enter the room of the intoxicated and sleeping teenage victim and not only have vaginal intercourse with her without her

consent, but photograph and disseminate a picture of his fingers on her vagina.

●Defendant's dissemination of the photograph demonstrates a cruel and calculated trophy of Defendant's conquest that had the potential for long lasting psychological impact upon the Victim if it was shared on social media.

●Prior to the sexual assault of the Victim, the Defendant smoked marijuana with an eighteen year old female.

* * *

●Defendant engaged in the sexual assault to ejaculation without a condom, thereby posing a risk to the physical health of the Victim.

●In a companion case that was unrelated to the fact pattern in the case at bar and which was dismissed as part of the plea agreement, the Defendant possessed marijuana and alcohol and a firearm approximately 1.5 months after being placed on probation for OVI and Possession of Marijuana in Champaign County Municipal Court and approximately six months after completing a juvenile delinquency residential rehabilitation program for an adjudication of Felonious Assault, a felony of the second degree.

●Defendant lacks insight as to why he treated the female victim as he did, suggesting to the Court that the Defendant poses a danger of committing similar offenses against female victims.

●Defendant shows no genuine remorse for the offense.

●Defendant failed to follow multiple Court orders to abide by conditions of probation, bond, and pre-sentence investigation, suggesting to the Court that the Defendant will not respond favorably to sanctions imposed for his committed offenses.

{¶ 6} The court made the requisite findings for the imposition of consecutive sentences. The court also explained that it was "rebuttably presumed" that Dennison would be released at the expiration of the minimum sentence imposed, but that the Ohio Department of Rehabilitation and Correction (ODRC) may rebut the presumption at a hearing on several specific bases, such that he would serve more than the minimum sentence, but mot more than the maximum sentence.

{¶ 7} Dennison appeals from his conviction, challenging his sentence. He raises three assignments of error. His first assignment of error states:

THE TRIAL COURT ERRED IN NOT COMPLYNG WITH THE RECIDIVISM FACTORS.

{¶ 8} Dennison asserts that the trial court erred in finding that there "were not substantial grounds to mitigate Dennison's conduct," citing R.C. 2929.12. Dennison asserts that the trial court did not adequately consider his youth, his mental health, and his "prior very minor, typical, short-lived criminal behavior" in sentencing him.

{¶ 9} In *State v. Litteral*, 2d Dist. Clark No. 2021-CA-10, 2022-Ohio-1187, we recently stated:

When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146

Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2).

To the extent that Litteral seeks to have this Court modify his sentence, we emphasize that the Supreme Court of Ohio has clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

In *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

*Id.* at ¶ 20-22.

{¶ 10} Contrary to Dennison's assertion, the trial court's judgment clearly reflects that it considered the factors set forth in R.C. 2929.12. Based upon the Ohio Supreme Court's holding in *Jones,* Dennison's first assignment of error lacks merit, and it is overruled.

{¶ 11} We will consider Dennison's second and third assignments of error

together. They are as follows:

THE TRIAL COURT ERRED IN VIOLATING STATUTE AND DUE PROCESS RIGHTS DURING SENTENCING.

THE TRIAL COURT ERRED IN APPLYING THE REAGAN TOKES ACT TO SENTENCING BECAUSE IT VIOLATES A SEPARATION OF POWERS.

{¶ 12} In his second assignment of error, Dennison asserts that an indefinite sentence violated his "statutory rights to appeal, right to trial by jury, right to counsel and due process rights." In his third assignment of error, he asserts that the trial court violated the Separation of Powers doctrine when it delegated its sentencing authority to the ODRC pursuant to the Reagan Tokes Act. Dennison asserts that, pursuant to Article III of the United States Constitution, the trial court should have refused to apply the Reagan Tokes Law.

{¶ 13} We have discussed the Reagan Tokes Act as follows:

On March 22, 2019, the Reagan Tokes Law (S.B. 201) became effective in Ohio. This law requires sentencing courts to impose indefinite prison sentences for felonies of the first or second degree that are committed on or after the law's effective date. The law specifies that the indefinite sentences will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144. The law also establishes a presumption that the offender will be released at the

end of the minimum term. R.C. 2967.271(B). The Ohio Department of Rehabilitation and Correction ("ODRC"), however, may rebut that presumption. R.C. 2967.271(C). In order to rebut the presumption for release at the end of the minimum term, the ODRC must conduct a hearing and determine whether certain statutory factors are applicable. R.C. 2967.271(C)(1), (2) and (3). If the presumption is rebutted, the ODRC may maintain the offender's incarceration beyond the minimum term for a reasonable period of time not to exceed the maximum term imposed by the sentencing judge. R.C. 2967.271(D).

*State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 6.

{¶ 14} Thus, under the Reagan Tokes Act, Dennison is presumed to be entitled to release after serving 12 years of his sentence, but the ODRC may rebut that presumption and hold him in prison for 16 years, the full maximum term.

{¶ 15} In *State v. Thompson,* 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, we addressed the arguments that the Reagan Tokes Act violates the separation of powers doctrine and due process, and that it violates the right to a trial by jury. We noted that we had previously found the law to be constitutional. *Thompson* at ¶ 18, citing *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, and *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153.

{¶ 16} In *Leet*, which also involved guilty pleas, we stated:

In order to satisfy due process, a defendant's guilty plea must be

knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). A trial court's compliance with Crim.R. 11 "ensures that a plea meets this constitutional mandate." *State v. Thompson*, 2d Dist. Montgomery No. 28308, 2020-Ohio-211, ¶ 5, citing *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. Leet's due process argument implicates Crim.R. 11(C)(2)(a) which, among other things, requires the trial court at the plea hearing to determine the defendant's understanding of the maximum penalty involved. The trial court's careful advisement of the maximum penalty Leet faced under Reagan Tokes, and Leet's acknowledgement that he understood the maximum penalty discussion, more than satisfied due process.

*Id.* at ¶ 21.

{¶ 17} As in *Leet*, we conclude that the trial court satisfied due process at the plea hearing. The court carefully advised Dennison that he was subject to an indefinite sentence and of the maximum penalty he faced under the Reagan Tokes Law, and Dennison acknowledged his understanding.

{¶ 18} In *State v. Compton*, 2d Dist. Montgomery No. 28912, 2021-Ohio-1513, ¶ 11, we noted:

We recently considered the constitutionality of the Reagan Tokes Law in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153 and concluded that it does not violate the separation-of-powers doctrine.

We reached this conclusion because we found that the Law's scheme is consistent with established authority from the Supreme Court of Ohio, which held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Ferguson* at ¶ 23, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 19, citing *Woods v. Telb*, 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000).

**{¶ 19}** Dennison's minimum and maximum terms were imposed by the trial court, and since the Reagan Tokes Law does not allow the ODRC to lengthen an offender's sentence beyond the maximum sentence imposed by the trial court, we once again hold that the Law does not violate the separation-of-powers doctrine. *See Compton* at ¶ 12, citing *Ferguson* at ¶ 23, and *Barnes* at ¶ 36.

**{¶ 20}** We further addressed due process in the context of an ODRC hearing in *Ferguson,* 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, as follows:

"[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." *Woods* [*v. Telb*, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000)] citing *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the [O]DRC must make

a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the [O]DRC unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.

*Ferguson* at ¶ 25.

{¶ 21} In *Compton*, we noted that Compton suggested that "when undergoing a hearing pursuant to R.C. 2967.271(C), an offender should be entitled to due process rights that are associated with criminal trials." *Id.* at ¶ 16. We rejected this argument, stating:

> * * * "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." (Citations omitted.) *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). For example, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*
>
> This court has noted that "[r]equiring a defendant to remain in prison beyond the presumptive minimum term is akin to the decision to grant or deny parole[.]" *Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, at ¶ 17. "In the context of parole proceedings, the United States Supreme Court has held that the required due process procedures are minimal.

Specifically, the court has found that a prisoner subject to parole receives adequate due process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied." *Wilburn* at ¶ 30, citing *Swarthout v. Cooke*, 562 U.S. 216, 220, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011), citing *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). " 'The Constitution * * * does not require more.' " *Id.*, quoting *Swarthout* at 220.

Because the procedures employed under the Reagan Tokes Law provide for notice of a hearing at which an offender has an opportunity to be heard, and because the Reagan Tokes Law does not give the ODRC unfettered discretion to decide when an offender must serve more than the minimum term, we once again hold that the Law does not violate an offender's right to due process.

*Id.* at ¶ 16-18.

{¶ 22} Based upon the foregoing, we cannot conclude that the trial court violated Dennison's right to appeal, right to counsel, right to trial by jury, right to due process, or the separation of powers in imposing an indefinite sentence pursuant to the Reagan Tokes Law. His second and third assignments of error are accordingly overruled.

{¶ 23} Having overruled all of Dennison's assigned errors, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.


Copies sent to:

Samantha B. Whetherholt
Glenda A. Smith
Hon. Nick A. Selvaggio