[Cite as *State v. Davis*, 2022-Ohio-2373.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|                          |     |                                         |
|--------------------------|-----|-----------------------------------------|
| STATE OF OHIO            | :   |                                         |
|                          | :   |                                         |
|    Plaintiff-Appellee | :   | Appellate Case No. 29316        |
|                          | :   |                                         |
| v.                       | :   | Trial Court Case Nos. 2021-CR-852 and   |
|                          | :   | 2021-CR-2228                            |
| SHAMARE DEONTE DAVIS     | :   |                                         |
|                          | :   | (Criminal Appeal from                   |
|    Defendant-Appellant | :   | Common Pleas Court)            |
|                          | :   |                                         |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Shamare Deonte Davis, appeals from his conviction in the Montgomery County Court of Common Pleas after pleading guilty to aggravated vehicular homicide, operating a vehicle under the influence of alcohol or drugs ("OVI"), and having weapons while under disability.   In support of his appeal, Davis contends that the trial court erred during his sentencing hearing when it failed to notify him of his postrelease-control obligations and of the consequences of violating postrelease control. The State concedes error in this regard, and we agree that the trial court erred by not addressing postrelease control at Davis's sentencing hearing.   Therefore, the trial court's judgment as to postrelease control will be reversed, and the cause will be remanded to the trial court for the sole purpose of resentencing Davis to postrelease control. In all other respects, the judgment will be affirmed.

### Facts and Course of Proceedings

{¶ 2} In April and August 2021, Davis was indicted for multiple offenses in two separate cases in the Montgomery County Court of Common Pleas.   In Case No. 2021-CR-852, Davis was indicted on one count of aggravated vehicular homicide, a felony of the first degree, and three counts of OVI, a misdemeanor of the first degree.   In Case No. 2021-CR-2228, Davis was indicted on one count of having weapons while under disability, a felony of the third degree, and one count of improperly handling a firearm in a motor vehicle, a felony of the fourth degree.

{¶ 3} On October 7, 2021, Davis entered a plea agreement and pled guilty to aggravated vehicular homicide and to one of the three OVI counts in Case No. 2021-CR-

852. Davis also pled guilty to having weapons while under disability in Case No. 2021-CR-2228. In exchange for Davis's guilty pleas, the State dismissed the two remaining OVI counts and the count for improperly handling a firearm in a motor vehicle.

{¶ 4} At Davis's plea hearing, the trial court engaged Davis in a plea colloquy during which the trial court notified Davis of the postrelease-control obligations associated with aggravated vehicular homicide and having weapons while under disability. The trial court also briefly discussed the consequences for violating postrelease control. After providing the required advisements and accepting Davis's guilty pleas, the trial court scheduled the matter for a sentencing hearing.

{¶ 5} On October 22, 2021, the trial court held a sentencing hearing for both cases. In Case No. 2021-CR-852, the trial court sentenced Davis to an indefinite term of 5 to 7.5 years in prison for aggravated vehicular homicide and to six days of incarceration for OVI. The trial court ordered the six-day period of incarceration to run concurrent to the prison term imposed for aggravated vehicular homicide. The trial court also imposed a mandatory fine of $375 and placed a lifetime suspension on Davis's driver's license.

{¶ 6} In Case No. 2021-CR-2228, the trial court sentenced Davis to three years in prison for having weapons while under disability and ordered that sentence to be served concurrently with the indefinite 5-to-7.5-year prison term imposed in Case No. 2021-CR-852. In both cases, the trial court issued sentencing entries that notified Davis of his postrelease-control obligations and of the consequences for violating postrelease control. The trial court, however, did not make any postrelease-control advisements at Davis's sentencing hearing.

{¶ 7} Davis now appeals from his conviction, raising a single assignment of error for review.

**Assignment of Error**

{¶ 8} Under his assignment of error, Davis contends that the trial court erred at his sentencing hearing when it failed to notify him of his postrelease-control obligations and of the consequences for violating postrelease control. The State concedes error in that regard, and we agree that the trial court erred by not addressing postrelease control at Davis's sentencing hearing.

{¶ 9} Pursuant to R.C. 2929.19(B)(2)(d) and (e), the trial court is required to notify the offender at his sentencing hearing that, depending on the degree of the offense in question, the offender either "will" or "may" be placed on postrelease control after he is released from prison. R.C. 2929.19(B)(2)(f) also requires the trial court to notify the offender that if he violates postrelease control, "the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term."

{¶ 10} In light of these statutory provisions, the Supreme Court of Ohio has explained that "[t]he trial court must advise the offender at the sentencing hearing of the term of [postrelease control] supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control." (Citation omitted.)

*State v. Bates*, Ohio Slip Opinion No. 2022-Ohio-475, __ N.E.3d __, ¶ 11. "[O]nce the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry." *Id.* at ¶ 12, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8, and *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 17, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

**{¶ 11}** In this case, the trial court notified Davis about his postrelease-control obligations and the consequences for violating postrelease control during his plea hearing and in the sentencing entry but failed to provide those notifications to Davis during his sentencing hearing. In fact, when the State asked the trial court if it had addressed postrelease control during the sentencing hearing, the trial court indicated that postrelease control had already been covered during the plea hearing and did not need to be discussed any further. *See* Sentencing Tr. p. 30-31. That, however, is not what the law requires.

**{¶ 12}** As previously discussed, " 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing' " *Bates* at ¶ 11, quoting *Jordan* at ¶ 23. "Notice of postrelease control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of postrelease control at the sentencing hearing." (Citation omitted.) *State v. Nascembeni*, 8th Dist. Cuyahoga No. 109927, 2022-Ohio-1662, ¶ 12. Therefore, the trial court erred when it failed to notify Davis of his postrelease-control obligations and of the consequences for violating postrelease control at his sentencing hearing.

{¶ 13} The Supreme Court of Ohio has explained that: "When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Harper,* 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4. Therefore, because the trial court did not properly impose postrelease control at Davis's sentencing hearing, Davis is entitled to have the postrelease-control portion of his sentence set aside and to have a new sentencing hearing limited to the proper imposition of postrelease control. *See State v. Heinzen,* 2d Dist. Clark No. 2019-CA-65, 2022-Ohio-1341, ¶ 28; *State v. Hibbler*, 2d Dist. Clark No. 2019-CA-19, 2019-Ohio-3689, ¶ 19 ("It is well established that when post-release control is required but not properly imposed, the trial court must conduct a limited resentencing hearing to properly impose post-release control.").

{¶ 14} Davis's sole assignment of error is sustained.

**Conclusion**

{¶ 15} Having sustained Davis's assignment of error, the judgment of the trial court is reversed with respect to the imposition of postrelease control, and the cause is remanded to the trial court for the sole purpose of resentencing Davis to postrelease control in a manner that is consistent with this opinion. In all other respects, the judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Jeffrey T. Gramza
Hon. Richard Skelton