[Cite as *State v. Coffee*, 2023-Ohio-474.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. Nos. 2022-CA-54; 2022-CA-55 |
| | : | |
| v. | : | Trial Court Case Nos. 22-CR-0018; |
| | : | 22-CR-0245(A) |
| ROBERT COFFEE | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 17, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

JOHNNA M. SHIA, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Robert Coffee, appeals from his convictions in the Clark County Court of Common Pleas after pleading guilty to one count of aggravated trafficking in drugs in Case No. 22-CR-0018 and to one count each of aggravated trafficking in drugs and tampering with evidence in Case No. 22-CR-0245(A). After this

court consolidated Coffee's appeals, on August 10, 2022, Coffee's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. On October 11, 2022, this court notified Coffee that his counsel had found no meritorious claims to present on appeal and granted Coffee 60 days to file a pro se brief in order to raise any assignments of error for this court's review. Coffee, however, did not file a pro se brief. After conducting an independent review of the record as required by *Anders*, this court finds no issues with arguable merit for Coffee to advance on appeal. Therefore, the judgments of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On August 4, 2022, Coffee entered guilty pleas in Clark C.P. Nos. 22-CR-0018 and 22-CR-0245(A). In Case No. 22-CR-0018, Coffee pled guilty to one second-degree-felony count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2). In Case No. 22-CR-0245(A), Coffee pled guilty to an additional second-degree-felony count of aggravated trafficking in drugs in violation of R.C. 2925.03(A(2) and to one third-degree-felony count of tampering with evidence in violation of R.C. 2921.12(A)(1).

{¶ 3} Coffee's guilty pleas were made pursuant to a plea agreement. In exchange for the guilty pleas, the State agreed to dismiss indicted counts in Case No. 22-CR-0018 for aggravated possession of drugs, trafficking in cocaine, possession of cocaine, trafficking in a fentanyl related compound, and possession of a fentanyl related compound. The State also agreed to dismiss indicted counts in Case No. 22-CR-

0245(A) for aggravated possession of drugs, endangering children, and failure to comply with the order or signal of a police officer.

{¶ 4} The parties' plea agreement also included agreed sentences for each case. For Case No. 22-CR-0018, the parties agreed that Coffee would serve an indefinite prison term of a minimum of 5 years to a maximum of 7.5 years for the single count of aggravated trafficking in drugs; Coffee also agreed to forfeit $1,027 that was seized from his person. For Case No. 22-CR-0245(A), the parties agreed to an indefinite prison term of a minimum of 3 years to a maximum of 4.5 years for aggravated trafficking in drugs and to a definite term of 2 years in prison for tampering with evidence. The parties also agreed that the prison terms in Case No. 22-CR-0245(A) would be served consecutively for an aggregate, indefinite term of 5 to 6.5 years in prison. The parties further agreed that the 5-to-7.5-year term in Case No. 22-CR-0018 and the aggregate 5-to-6.5-year term in Case No. 22-CR-00245(A) would be served consecutively to each other.

{¶ 5} After conducting a plea colloquy and accepting Coffee's guilty pleas as being knowingly, intelligently, and voluntarily entered, the trial court accepted the agreed-upon prison sentences proposed by the parties and sentenced Coffee accordingly. After imposing the agreed-upon sentences, the trial court notified Coffee that he would be required to serve a mandatory term of postrelease control for up to three years but not less than 18 months. The trial court also notified Coffee that he would be credited for jail time served from January 25, 2022.

Following his sentencing hearing, Coffee filed timely appeals from his convictions in both cases. On August 17, 2022, this court ordered the appeals to be consolidated.

In proceeding with the consolidated appeals, Coffee's appellate counsel filed an *Anders* brief asserting the absence of any non-frivolous issues for appeal. In the *Anders* brief, counsel asserted three potential assignments of error for this court's review: (1) whether Coffee's guilty pleas were valid; (2) whether the trial court properly sentenced Coffee; and (3) whether the indefinite sentencing scheme set forth in the Reagan Tokes Law is constitutional.

### *Anders* **Standard of Review**

{¶ 6} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we are charged with conducting an independent review of the record "to determine whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are 'wholly frivolous.' " *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7, quoting *Anders* at 744. An issue is wholly frivolous if it lacks arguable merit, meaning that "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. "An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *Id.* If we find that any issue—whether presented by appellate counsel, presented by the appellant, or found through an independent analysis—is not wholly frivolous, we must appoint different appellate counsel to represent the appellant. *Id.* at ¶ 7, citing *Pullen*.

**Potential Assignment of Error No. 1: Guilty Plea**

{¶ 7} When reviewing a plea, "[a]n appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was knowing, intelligent, and voluntary[.]" *State v. Russell*, 2d Dist. Montgomery No. 25132, 2012-Ohio-6051, ¶ 7, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "If a defendant's plea is not knowing, intelligent, and voluntary, it 'has been obtained in violation of due process and is void.' " *State v. Carter*, 2d Dist. Clark No. 2021-CA-36, 2022-Ohio-206, ¶ 19, quoting *Russell* at ¶ 7. "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea to a felony offense without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 8} A defendant is generally "not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). There are, however, two exceptions to this rule. *Id.* at ¶ 14-16. The first exception concerns the constitutional rights advisement under Crim.R. 11(C)(2)(c). "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 9} The second exception applies when a trial court completely fails to comply with a portion of Crim.R. 11(C), as this also "eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22. "Aside from these two exceptions, * * * a defendant is not entitled to

have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *Nero* at 108. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108.

{¶ 10} After conducting an independent review of the record, we find that the trial court fully complied with the requirements of Crim.R. 11(C). Therefore, on this record, a claim that Coffee's guilty plea was not knowing, intelligent, and voluntary would be wholly frivolous.

**Potential Assignment of Error No. 2: Sentencing**

{¶ 11} Agreed sentences, like the ones in this case, are generally not reviewable on appeal, as R.C. 2953.08(D)(1) provides that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, citing R.C. 2953.08(D)(1). "If all three conditions are met, the defendant may not appeal the sentence." *Id. Accord State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 16.

{¶ 12} In this case, it is clear from the record that Coffee and the State jointly recommended the sentences that were imposed by the trial court. Therefore, two out of the three conditions in R.C. 2945.08(D)(1) are satisfied. If Coffee's sentences are authorized by law, then the third condition is satisfied and the sentences are not reviewable on appeal. "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Underwood* at ¶ 20. "Such mandatory provisions include the proper imposition of postrelease control * * *, making, when applicable, the findings required for the imposition of consecutive sentences, and ordering the merger of allied offenses of similar import." *State v. Smith*, 2d Dist. Montgomery Nos. 28208, 28209, 28210, and 28211, 2020-Ohio-2854, ¶ 8.

{¶ 13} Upon review, we find that the indefinite prison terms imposed for the two second-degree-felony counts of aggravated trafficking in drugs comply with the sentencing laws of this state. *See* R.C. 2929.14(A)(2)(a) and R.C. 2929.144(B)(1). The two-year definite prison term imposed for the third-degree-felony count of tampering with evidence also complies with the sentencing laws. *See* R.C. 2929.14(A)(3). In addition, when ordering consecutive sentences in Case No. 22-CR-0245(A), the trial court properly calculated the 5-to-6.5-year aggregate, indefinite prison term. *See* R.C. 2929.144(B)(2).

{¶ 14} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. However, it is well established that "[i]f

a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14[(C)](4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 30. In other words, "[a]n agreed sentence that involves a discretionary decision to impose consecutive sentences is 'authorized by law' and unreviewable on appeal even if the trial court fails to make the consecutive-sentence findings." *State v. Morgan*, 2d Dist. Montgomery No. 27774, 2018-Ohio-3198, ¶ 22. In this case, the trial court did not make any consecutive-sentence findings and was not required to do so since the parties had jointly recommended the sentences.

{¶ 15} With regard to post-release control, R.C. 2929.19(B)(2)(d) and (e) require the trial court "to notify the offender at his sentencing hearing that, depending on the degree of the offense in question, the offender either 'will' or 'may' be placed on postrelease control after he is released from prison." *State v. Davis*, 2d Dist. Montgomery No. 29316, 2022-Ohio-2373, ¶ 9. "R.C. 2929.19(B)(2)(f) also requires the trial court to notify the offender that if he violates postrelease control, 'the parole board may impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term.' " *Id.*

{¶ 16} "In light of these statutory provisions, the Supreme Court of Ohio has explained that '[t]he trial court must advise the offender at the sentencing hearing of the

term of [postrelease control] supervision, whether postrelease control is discretionary or mandatory, and the consequences of violating postrelease control.' " *Id.* at ¶ 10, quoting *State v. Bates*, 167 Ohio St.3d 197, 2022-Ohio-475, 190 N.E.3d 610, ¶ 11. " '[O]nce the court orally provides all the required advisements at the sentencing hearing, it must then incorporate those advisements into the sentencing entry.' " *Id.*, quoting *Bates* at ¶ 11, citing *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 8 and *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 17, *overruled on other grounds*, *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

{¶ 17} In this case, the trial court held a combined plea and sentencing hearing during which it correctly advised Coffee that he would be placed on mandatory post-release control for up to three years but not less than 18 months. *See* R.C. 2967.28(B)(3). The trial court also notified Coffee about the consequences for violating postrelease control during the plea portion of his combined hearing and in the sentencing entry, but it did not provide that notification during the sentencing portion of his hearing.

{¶ 18} As previously discussed, " 'a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing.' " *Bates* at ¶ 11, quoting *Jordan* at ¶ 23. " 'Notice of postrelease control at the plea hearing and in the sentencing entry does not correct the trial court's failure to impose a term of postrelease control at the sentencing hearing.' " *Davis,* 2d Dist. Montgomery No. 29316, 2022-Ohio-2373, at ¶ 12, quoting *State v. Nascembeni*, 8th Dist. Cuyahoga No. 109927, 2022-Ohio-1662, ¶ 12. Nevertheless, multiple appellate courts of this state have a held that when a trial court provides proper postrelease-control notification before accepting the defendant's guilty

plea and then proceeds immediately to sentencing, the plea hearing and the sentencing hearing cannot, for purposes of the postrelease-control statutes, reasonably be deemed to have been conducted separately. *State v. Russell*, 10th Dist. Franklin No. 16AP-108, 2016-Ohio-3349, ¶ 9-11; *State v. Jackson*, 12th Dist. Butler Nos. CA2005-02-033 and CA2005-03-051, 2006-Ohio-1147, ¶ 18-19; *State v. Dardinger*, 1st Dist. Hamilton No. C-160467, 2017-Ohio-1525, ¶ 13. *See also State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 17, fn. 1 (noting that there is "no reason to consider the plea hearing and sentencing hearing to be two separate hearings" for purposes of the notification required under former R.C. 2929.19(B)(5) in sentencing an offender to community control, when sentencing proceeds immediately after the plea hearing). In so holding, those courts found that the postrelease-control notification provided by the trial court before accepting the guilty plea at the combined plea and sentencing hearing satisfied the statutory requirement that he be notified about postrelease control at the sentencing hearing. *Russell* at ¶ 9-11; *Jackson* at ¶ 18-19; *Dardinger* at ¶ 13. Accordingly, we find that the trial court's postrelease control advisements during the plea portion of the combined hearing were sufficient to satisfy the requirement that the trial court advise Coffee of the consequences for violating postrelease control at the sentencing hearing.

{¶ 19} Regarding jail-time credit, the trial court was required to calculate Coffee's jail-time credit at the time of sentencing, notify Coffee of the number of days of jail-time credit that he was to receive, and memorialize that information in the judgment entry. *See* R.C. 2949.08(B) and (C); R.C. 2967.191(A); R.C. 2929.19(B)(2)(g)(i); Ohio

Adm.Code 5120-2-04(B); *State v. Springs*, 2d Dist. Clark No. 2022-CA-18, 2022-Ohio-4414 ¶ 5-7; *State v. Windsor*, 2d Dist. Clark No. 2021-CA-25, 2022-Ohio-1785, ¶ 4-7. In this case, the trial court did not meet those requirements. At the sentencing hearing, the trial court merely indicated that Coffee would receive credit for jail time served from January 25, 2022. In the sentencing entry for Case No. 22-CR-0018, the trial court similarly indicated that Coffee would receive "jail credit from January 25, 2022 until conveyance to [the Ohio Department of Rehabilitation and Correction]."

{¶ 20} In *State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, we held that awarding jail-time credit in such a manner was erroneous because R.C. 2949.08(B) specifies that the record of the person's conviction " 'shall specify the **total number of days**, if any, that the person was confined' for the offense prior to his conviction and 'prior to delivery to the jailer, administrator, or keeper.' " (Emphasis sic.) *Wade* at ¶ 14, quoting R.C. 2949.08(B). That said, "an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable." *State v. Dearmond*, 2d Dist. Clark No. 2022-CA-17, 2022-Ohio-3252, ¶ 15, citing R.C. 2929.19(B)(2)(g)(iv) and *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 16. In *Wade*, it was "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), **coupled with the absence of any opportunity for [the defendant] to be heard on the issue of jail-time credit**" that "warrant[ed] remanding [the] matter for the court to properly address the issue." (Emphasis added.) *Wade* at ¶ 15.

{¶ 21} In this case, the record indicates that the trial court gave Coffee the

opportunity to be heard on the issue of jail-time credit at the sentencing hearing. At the sentencing hearing, the trial court advised Coffee that he would receive jail-time credit from January 25, 2022, and Coffee responded: "Yes, sir." Plea/Sentencing Tr. (Aug. 4, 2022), p. 17. Thereafter, the trial court stated: "So you'll receive credit for all that time. Anything else?" *Id.* In response, Coffee had nothing more to say. *Id.* at 17-18. Because Coffee had an opportunity to be heard on the issue of jail-time credit at the sentencing hearing, we do not find that the trial court's failure to calculate the total number of days of jail-time credit warrants remanding the matter back to the trial court.

{¶ 22} Based on our independent review of the record, we find that the jointly recommended sentence imposed by the trial court in this case was authorized by law. As a result, Coffee's sentence is not reviewable on appeal and any claim challenging Coffee's sentence would be wholly frivolous.

**Potential Assignment of Error No. 3: Constitutionality of Reagan Tokes Law**

{¶ 23} We have consistently held that the Reagan Tokes Law does not violate the separation of powers doctrine, due process, the right to appeal, or the right to a jury trial, and is otherwise not unconstitutional. *See State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 11 (finding that the Reagan Tokes Law is not violative of due process, trial by jury, or separation of powers doctrine and citing several Second District cases rejecting constitutional challenges); *State v. Dennison*, 2d Dist. Champaign No. 2021-CA-42, 2022-Ohio-1961, ¶ 15-22 (finding that the Reagan Tokes Law does not violate a defendant's statutory rights to appeal, right to trial by jury,

right to counsel, due process rights, or the separations of powers doctrine).   Therefore, any argument to the contrary would be wholly frivolous.

## Conclusion

**{¶ 24}** Because our independent *Anders* review revealed no issues with arguable merit for Coffee to advance on appeal, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.