[Cite as *State v. Schooley*, 2025-Ohio-959.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. Robert G. Montgomery, J. |
| Plaintiff-Appellee | : | Hon. Kevin W. Popham, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2024-0100 |
| LOREN SCHOOLEY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0162

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 19, 2025

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, OH 43076

*Popham, J.*

{¶1}   This matter comes before the Court upon the Motion to Withdraw and *Anders* brief filed by Chris Brigdon, counsel for Defendant-appellant Loren Schooley [Schooley] after his conviction and sentence following a negotiated guilty plea in the Muskingum County Court of Common Pleas. The State has not filed a brief.

*Facts and Procedural History*

{¶2}   On March 6, 2024, the Muskingum County Grand Jury indicted Schooley on thirteen counts of Pandering Obscenity Involving a Minor or Impaired Person, felonies of the second degree, in violation of R.C. 2907.321(A)(1) / 2907.321(C).

{¶3}   On May 1, 2024, a Criminal Rule 11(C) and (F) plea form signed by Schooley, his attorney and the assistant prosecuting attorney was filed setting forth the terms for Schooley to enter a negotiated guilty plea. [Docket Entry Number 11]. In exchange for Schooley's plea of guilty to one count of Pandering Obscenity Involving a Minor or Impaired Person, the State agreed to dismiss the other eleven counts of Pandering Obscenity Involving a Minor or Impaired Person. The parties agreed to recommend a sentence of eight years. Schooley stipulated to the findings for imposing the maximum eight-year sentence.

{¶4}   The trial judge conducted a change of plea hearing on May 1, 2024.  After accepting Schooley's plea of guilty, the trial judge deferred sentencing and ordered a Presentence Investigation report. Plea T. at 13.

{¶5}   On June 17, 2024, the trial judge conducted a sentencing hearing. After reviewing the Presentence Investigation Report, hearing from the prosecutor, defense counsel, and Schooley, the trial judge sentenced Schooley to an indefinite term of eight

to twelve years. *Id.* at 9. Schooley was also designated a Tier II sex offender, requiring registration every 180 days for 25 years. *Id.* at 4-5.

{¶6} Schooley's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

### Standard of Review - *Anders v. California*

{¶7} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} By Judgment Entry filed November 22, 2024, this Court indicated that it had received notice pursuant to *Anders*, that Schooley was provided a copy of the appeal brief, and motion to withdraw. We informed Schooley by the same Judgment Entry that his attorney had filed an *Anders* brief on his behalf, and we granted him sixty days from that date, i.e. January 21, 2025, to file a pro se brief. Schooley has not filed a pro se brief.

**{¶9}** The record establishes that Schooley's counsel satisfied *Anders* requirements. Accordingly, we will proceed to review the proposed assignment of error to determine if any arguably meritorious issues exist, keeping in mind that,

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.); *State v. Moore*, 2009-Ohio-1416, ¶ 4 (2d Dist.); *State v. Grant,* 2023-Ohio-4614, ¶ 11 (5th Dist.).

### Proposed Assignment of Error

**{¶10}** "I. THERE IS NO NONFRIVOLOUS ISSUE REGARDING APPELLANT'S GUILTY PLEA ON MAY 1, 2024 AND RELATED SENTENCING ON JUNE 17, 2024."

### *The Guilty Plea*

**{¶11}** Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Criminal Rule 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Criminal Rule 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475 (1981), *citing State v. Stewart*, 51 Ohio St.2d 86 (1977).

**{¶12}** The constitutional rights that a judge must advise a defendant before accepting a guilty plea are: (1) the right to a jury trial or a trial to the court; (2) the right to confront the witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v.*

*Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

**{¶13}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) / (b); *Veney* at ¶¶ 10-13; *State v. Sarkozy*, 2008-Ohio-509, ¶¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶14}** For the non-constitutional rights, the trial court must substantially comply with Criminal Rule 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* 2008-Ohio-5200, ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a) and (b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977).

**{¶15}** When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990); *State v. Lebron,* 2020-Ohio-1507, ¶ 9 (8th Dist.) *State v. Groves,* 2019-Ohio-5025, ¶ 7 (5th Dist.).

**Issue for Appellate Review**: *Whether the record reflects any arguably meritorious issues exist with respect to whether Schooley's guilty plea was made knowingly, intelligently, and voluntarily.*

{¶16}   A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶ 25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights); *State v. McKnelly*, 2024-Ohio-2696, ¶ 29 (5th Dist.). In the case at bar, we note a written plea of guilty form was signed by Schooley and his attorney and filed in the trial court. Docket Entry Number 11.

{¶17}   Schooley told the judge that he understood the elements of the crime.  Sent. T. at 9. The judge informed Schooley that there was a jointly recommended maximum sentence of eight years.  Plea T. at 10. Schooley told the judge that he understood the jointly recommended sentence, as well as the fact that the judge was not bound to follow the recommendation. *Id.* at 10.

{¶18}   The judge explained to Schooley his right to a jury trial. Plea T. at 10 -11. The judge further explained to Schooley his right to the confrontation of witnesses against him; that the state must prove his guilt beyond a reasonable doubt at trial; that he could subpoena witnesses to testify, and that he cannot be compelled to testify against himself. Plea T. at 11.   Schooley acknowledged he understood his rights, the charges, the sentencing recommendation, the maximum penalties, and the specific constitutional rights he was waving with the plea. *Id.* Schooley assured the judge that he was satisfied with his attorney. *Id.* at 9.

{¶19}   The record demonstrates the judge very carefully adhered to Criminal Rule

11, and strictly complied with all the requirements of Criminal Rule 11. Further, the judge conducted a complete and thorough colloquy.

{¶20} The record in this case shows the judge's compliance with Criminal Rule 11 and supports the judge's determination that Schooley's plea was knowingly, intelligently, and voluntarily made. The record supports a conclusion that the pleas were properly entered and accepted.

{¶21} Thus, after independently reviewing the record, we find no arguably meritorious issues exist with respect to whether Schooley's guilty plea was made knowingly, intelligently, and voluntarily.

*Sentencing*

{¶22} In accordance with R.C. 2953.08(A)(1), Schooley is entitled to appeal as of right the maximum sentence imposed on his conviction.

{¶23} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 2014-Ohio-3177, ¶ 28.

**Issue for Appellate Review:** *Whether Schooley's sentence was imposed based on impermissible considerations - i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12*

*An agreed-upon sentence is not reviewable*

> Agreed sentences, like the ones in this case, are generally not reviewable on appeal, as R.C. 2953.08(D)(1) provides that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1). "In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, *citing* R.C. 2953.08(D)(1). "If all three conditions are met, the defendant may not appeal the sentence." Id. *Accord State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 16.

*State v. Coffee*, 2023-Ohio-474, ¶ 11 (2d Dist.); *Accord, State v. Hampton*, 2023-Ohio-1868, ¶ 12 (5th Dist.).

{¶24} In the case at bar, the judge imposed the agreed upon sentence and the sentence did not exceed the maximum sentence. As such, we find Schooley's sentence is not reviewable on appeal. Nonetheless, we find the sentence is not contrary to law.

{¶25} Thus, after independently reviewing the record, we find no arguably meritorious issues exist with respect to whether Schooley's sentence was contrary to law.

{¶26} We further note that Schooley was originally charged with thirteen felonies of the second degree. Schooley's counsel was able to negotiate a plea of guilty to only one felony of the second degree.

{¶27} Upon our own independent review, we find nothing in the record to support an argument that Schooley was prejudiced by trial counsel's representation.

## Conclusion

**{¶28}** After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders.*

**{¶29}** Attorney Chris Brigdon's motion to withdraw as counsel for Appellant is hereby granted.

**{¶30}** The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Popham, J.,

Hoffman, P.J., and

Montgomery, J., concur