JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from an order of the trial court that ordered the return of cash seized from defendant Corey Wade. The court found that this money was not contraband and ordered that a portion of the money be applied to the payment of court costs. The State claims that by its order, the court altered Wade's plea agreement to forfeit the money, and additionally claims error in the use of this money to pay court costs. We reverse.
 {¶ 2} The record reveals that Corey Wade was arrested in February 2004 and charged with one count of possession of PCP, in violation of R.C. 2925.11; one count of trafficking in PCP, in violation of R.C. 2925.03; one count of trafficking in marijuana, in violation of R.C. 2925.03; one count of possession of criminal tools, in violation of R.C. 2923.24; and one count of possession of a weapon while under disability, in violation of R.C. 2923.13. Following his arrest, the State filed a petition of forfeiture for several items, including $3500 in cash that was discovered during a search of Wade's apartment and $834 in cash that was found on his person.
 {¶ 3} Wade did not object to the petition for forfeiture, and following negotiations, Wade pleaded guilty to an amended indictment of one count of trafficking in PCP, one count of possession of criminal tools, and one count of possession of a weapon while under disability. He was sentenced to community control and ordered to forfeit the guns, ammunition, and scale that were discovered in his apartment. However, the court then ordered the return of all of the cash seized. The court additionally ordered that prior to the return of the money, $200 be retained to cover court costs. The State appeals from this order and claims:
"I. THE TRIAL COURT ERRED WHEN IT SUA SPONTE ALTERED THE TERMS OF THEPLEA BARGAIN AGREEMENT TO THE DETRIMENT OF THE STATE AND ORDERED THERETURN OF MONEY SEIZED AS CONTRABAND AT THE TIME OF ARREST. (SENT. T.PG. 8).
 II. THE COURTS [SIC] LACKS AUTHORITY TO ORDER THE DISPOSITION OFFORFEITED CONTRABAND TO PAY COURT COSTS. (SENT. T. PG. 8)."
 {¶ 4} In its first assignment of error, the State contends that at the plea hearing, it fully outlined the details of the plea agreement, and that the court, nonetheless, altered the terms of the plea by returning the forfeited cash to Wade.
 {¶ 5} At the hearing, the State advised the court that pursuant to the plea agreement, counts two and three would be dismissed, and counts one, four, and five would remain as charged. The prosecutor then stated:
"Also, as part of the plea agreement, Your Honor, Mr. Wade would voluntarily waive and stipulate the contraband seized as a result of this incident was used for purposes of drug trafficking and these facts in the indictment as amended, he agrees to forfeit those." (Transcript of the plea agreement at 3-4).
 {¶ 6} Defense counsel replied:
"That's a correct recitation of our pretrial negotiations. And at this time, he is prepared to withdraw the not guilty plea and enter a plea of guilty to counts one, four and five as outlined by Mr. Keane." (Transcript of plea agreement at 5).
 {¶ 7} The record reflects that three months prior to his guilty plea, the State filed a petition for forfeiture that included both the $3500 cash found in Wade's apartment and the $834 found on his person. Wade did not object and, following plea negotiations, Wade pleaded guilty to an amended indictment in August 2004. The plea hearing clearly outlined Wade's acceptance of this agreement, and immediately prior to the court's acceptance of the plea, the prosecutor outlined the details of the plea as had been agreed to between the parties and again outlined Wade's agreement that the contraband seized was to be forfeited. Neither defense counsel, nor Wade himself objected to this characterization of the plea agreement.
 {¶ 8} Over a month after Wade's plea was accepted, the case proceeded to sentencing. As there was no specifically scheduled forfeiture hearing, the prosecutor did not attend the sentencing. With defense counsel present, the court sentenced Wade to community control and ordered the forfeiture of the guns and scale. Having no oral indication of the agreement to forfeit the seized money as contraband, the trial court then ordered the money returned.
 {¶ 9} The forfeiture of property is governed by R.C. 2933.43, however, the forfeiture of Wade's property was not "effectuated by operation of the statutory provisions governing the forfeiture of contraband, but rather by the parties' agreement." State v. Fogel, Summit App. No. 04CA008498, 2004-Ohio-6268. As such, the trial court was without authority to alter the terms of the agreement, particularly since Wade acknowledged the validity of the agreement and failed to object to any mischaracterization when the opportunity arose. The forfeiture of the cash seized constituted part of the plea agreement that Wade negotiated in exchange for a reduction of the original charges. Although the trial court was not reminded of this agreement at sentencing, the record reflects that Wade knowingly and voluntarily agreed to a forfeiture of all of the contraband that was seized.
 {¶ 10} Wade claims that since the State failed to comply with the mandatory prerequisites regarding the seizure of contraband as outlined in R.C. 2933.43, it cannot now rely on the plea agreement to circumvent its failure to comply with the statute. We join the ninth district court of appeals in holding that if the parties' agreement governs the forfeiture of a defendant's property, adherence to forfeiture procedures laid out in R.C. 2933.43 is unnecessary. State v. Harper (Feb. 28, 1996), 9th Dist. No. 17570, at 2.
 {¶ 11} It is clear from the record that the forfeiture of the seized money was part of the plea agreement and, as such, the court lacked authority to alter the plea agreement and order the return of voluntarily forfeited property.
 {¶ 12} The State's first assignment of error has merit.
 {¶ 13} The State next claims the trial court erred in ordering a portion of forfeited property be used to pay court costs.
 {¶ 14} Based on our determination as to the first assignment of error, we find the State's second assignment of error moot.
 {¶ 15} We therefore reverse the decision of the trial court and remand for proceedings consistent with our opinion.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., and McMonagle, J. concur