[Cite as *State v. Hampton*, 2023-Ohio-1868.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2022-0081 |
| RODRIQUEZ HAMPTON | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0293 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 5, 2023 |
| APPEARANCES: | |

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
Muskingum County, Ohio

JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

RODRIQUEZ HAMPTON
Noble Correctional Institute
No. A805-185
15708 McConnelsville Road
Caldwell, Ohio 43724-8902

*Hoffman, J.*

**{¶1}** Defendant-appellant Rodriquez S. Hampton appeals his convictions and sentence entered by the Muskingum County Court of Common Pleas, on one count of trafficking in drugs, in violation of R.C. 2925.03(A)(2), with an attendant forfeiture specification; and one count of trafficking in drugs in the vicinity of a school, in violation of R.C. 2925.03(A)(2), with attendant major drug offender, firearm, and forfeiture specifications, following a negotiated plea. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

**{¶2}** On June 22, 2022, the Muskingum County Grand Jury indicted Appellant on 24 felony and one misdemeanor drug-related offenses. All of the felony charges carried various combinations of major drug offender, school, and forfeiture specifications. Appellant entered a plea of not guilty to the Indictment at his arraignment on June 27, 2022. The trial court originally scheduled a jury trial for August 16, 2022, but continued the matter until October 18, 2022, at the request of both parties.

**{¶3}** On September 22, 2022, Appellant filed a motion to suppress. The state filed a response on September 27, 2022. The trial court scheduled a suppression hearing for October 14, 2022. In the interim, the parties reached a plea agreement which resulted in the suppression hearing being converted into a change of plea hearing.

**{¶4}** Appellant appeared before the trial court on October 14, 2022, for the change of plea hearing. After the trial court conducted a Crim. R. 11 colloquy with Appellant, Appellant withdrew his former pleas of not guilty and entered guilty pleas to

---

[1] A Statement of the Facts is not necessary to our disposition of this Appeal.

one count of trafficking in drugs (cocaine), as amended, in violation of R.C. 2925.03(A)(2), with a forfeiture specification, a felony of the first degree (Count 3); and one count of trafficking in drugs (fentanyl-related compound) in the vicinity of a school, in violation of R.C. 2925.03(A)(2), with major drug offender, firearm, and forfeiture specifications, a felony of the first degree (Count 25). As part of the plea agreement, the state dismissed the remaining 23 counts of the Indictment as well as the major drug offender and firearm specifications attached to Count 3.

{¶5} The trial court imposed the jointly recommended aggregate minimum sentence of twenty (20) years with a maximum indefinite sentence of twenty-five and one half (25 ½) years. The trial court ordered the sentences be served consecutive to the term Appellant was currently serving in Muskingum County Common Pleas Case No. CR2022-0057. The trial court further ordered the forfeiture of all of Appellant's property detailed in the Indictment. The trial court memorialized Appellant's convictions and sentence via Entry filed October 31, 2022.

{¶6} It is from his convictions and sentence Appellant appeals, raising the following assignments of error:


I. THE INDETERMINATE SENTENCES PROVIDED BY THE REAGAN TOKES LAW ARE EX POST FACTO VIOLATIONS WHEN APPLIED TO A FIRST OR SECOND DEGREE DRUG-RELATED OFFENSE.

II. CONSECUTIVE SENTENCES IS [SIC] CONTRARY TO LAW.

III. FORFEITURE OF PROPERTY VIOLATED THE EXCESSIVE

FINES CLAUSE OF THE 8TH U.S.C.A.

I

{¶7} In his first assignment of error, Appellant contends the indeterminate sentences imposed pursuant to the Reagan Tokes Act were unconstitutional.

{¶8} For the reasons set forth in this Court's opinion in *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, 2022 WL 1439978, we find the Reagan Tokes Act is constitutional.

{¶9} Appellant's first assignment of error is overruled.

II

{¶10} In his second assignment of error, Appellant maintains his consecutive sentences were contrary to law.

{¶11} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. * * * if [the appellate court] clearly and convincingly finds * * * the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I)]," or "the sentence is otherwise contrary to law."

{¶12} However, "[a]greed sentences, like the ones in this case, are generally not reviewable on appeal * * *." *State v. Coffee*, 2d Dist. Nos. 2022-CA-54, 2022-CA-55, 2023-Ohio-474, ¶ 11. R.C. 2953.08(D)(1) provides:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. R.C. 2953.08(D)(1).

**{¶13}** Although "a sentence that is 'contrary to law' is appealable by a defendant . . ., an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *Coffee*, supra at ¶ 11 (Citations omitted). "If all three conditions are met, the defendant may not appeal the sentence." *Id.* (Internal quotations and citation omitted).

**{¶14}** Here, the trial court imposed the agreed upon sentence and the sentence did not exceed the maximum sentence. As such, we find Appellant's consecutive sentences are not reviewable on appeal. Nonetheless, we find the sentences are not contrary to law.

**{¶15}** Appellant's second assignment of error is overruled.

III

**{¶16}** In his final assignment of error, Appellant asserts the trial court's order of forfeiture constituted an excessive fine in violation of the Excessive Fines Clauses of the United States and Ohio Constitutions. We disagree.

**{¶17}** The Eighth Amendment to the United States Constitution states, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Article I, Section 9, of the Ohio Constitution includes an identical

prohibition. Criminal forfeiture of property as a form of punishment for a specified offense constitutes a "fine" for purposes of both the Ohio Constitution and the United States Constitution. *State v. Hill*, 70 Ohio St.3d 25, 635 N.E.2d 1248 (1994), syllabus. "Accordingly, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of that property is an 'excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions." *Id.* A forfeiture will be considered an excessive fine only when, in light of all the relevant circumstances, the forfeiture is grossly disproportionate to the offense committed. *Id.* at 34, 635 N.E.2d 1248.

{¶18} "[W]hen [a] defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures [is] unnecessary." *State v. Compton*, 8th Dist. Cuyahoga No. 109427, 2021-Ohio-3106, ¶ 19 (Citations omitted). Stated another way, "[w]hen property is forfeited through a plea agreement, the forfeiture is not effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement." *Id.* (Internal quotations and citation omitted).

{¶19} There is no indication, in the plea agreement or at the plea hearing, Appellant objected to the proceedings or contested the value of the property listed in the forfeiture specifications. At the plea hearing, Appellant stated he understood he would be forfeiting "all items listed in any and all counts of the indictment." Transcript of October 14, 2022 Change of Plea Hearing at pp. 12-13.

{¶20} Because the forfeiture was effectuated by Appellant's negotiated plea agreement with the state and not pursuant to R.C. Chapter 2981, the trial court was not

required to consider the statutory forfeiture proceedings at the time of sentencing. See *Compton*, supra at ¶ 20. Upon this record, we find Appellant's due process protections were not violated.

{¶21} Appellant's third assignment of error is overruled.

{¶22} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur