[Cite as *State v. Hampton*, 2023-Ohio-3737.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2023-0045 |
| RODRIQUEZ HAMPTON | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0293

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: October 13, 2023

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
Prosecuting Attorney
BY JOHN CONNOR DEVER
Assistant Prosecutor
27 North Fifth St., Box 189
Zanesville, OH 43702

For Defendant-Appellant

RODRIQUEZ HAMPTON  PRO SE
No. A805-185
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH  43724-8902

*Gwin, P.J.*

{¶1} Appellant Rodriquez Hampton appeals the June 8, 2023 judgment entry of the Muskingum County Court of Common Pleas granting appellee's motion to lift stay. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On October 14, 2022, appellant pled guilty to one count of trafficking in drugs (cocaine), as amended, in violation of R.C. 2925.03(A)(2), with a forfeiture specification, and one count of trafficking in drugs (fentanyl-related compound) in the vicinity of a school, in violation of R.C. 2925.03(A)(2), with major drug offender, firearm, and forfeiture specifications. The trial court imposed the jointly recommended aggregate minimum sentence of twenty (20) years with a maximum indefinite sentence of twenty-five- and one-half years. The trial court ordered the sentences to be served consecutive to the term appellant was serving in Muskingum County Common Pleas Case Number CR2022-0057. Further, the trial court ordered the forfeiture of all of appellant's property detailed in the indictment. The trial court memorialized appellant's convictions and sentence in a judgment entry dated October 31, 2022.

{¶3} On November 10, 2022, appellant filed a direct appeal of his convictions and sentence. In his direct appeal, he argued: the indeterminate sentences imposed pursuant to the Reagan Tokes Act were unconstitutional; his consecutive sentences were contrary to law; and the trial court's order of forfeiture constituted an excessive fine in violation of the Excessive Fines Clauses of the United States and Ohio Constitutions.

{¶4} On December 6, 2022, appellant filed a "motion to stay judgment," asking the trial court to "stay execution of the judgment of forfeiture until resolution of his timely

direct appeal" because "whether [the] forfeiture violated the Eighth Amendment is an issue defendant plans to present on appeal." The trial court granted the motion to stay on January 5, 2023.

{¶5} This Court overruled appellant's three assignments of error in his direct appeal, and affirmed his conviction and sentence. We issued a judgment entry and opinion on June 5, 2023. *State v. Hampton*, 5th Dist. Muskingum No. CT2022-0081, 2023-Ohio-1868.

{¶6} On June 7, 2023, appellee filed a motion to lift the stay of judgment based upon our affirmance of appellant's conviction and sentence, including the forfeiture of the real and personal property. The trial court granted the motion to lift the stay of judgment on June 8, 2023. Appellant filed a "reply to motion to lift stay" on June 16, 2023, in which he argued that since the appeals process was still pending, the entry lifting the stay was improper.

{¶7} Appellant appeals the June 8, 2023 judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶8} "I. THE TRIAL COURT COMMITTED PLAIN, REVERSIBLE ERROR BY COLLIDNG WITH DUE PROCESS AND EQUAL PROTECTION WHEN IT ENTERED FINAL JUDGMENT ON THE STATE'S MOTION TO LIFT STAY WITHOUT OPPORTUNITY TO REPLY PURSUANT TO THE RULES OF CRIMINAL PROCEDURE."

I.

{¶9} Appellant contends the trial court committed reversible error in granting the motion to lift stay without allowing him a chance to respond to the motion. Appellant cites

Criminal Rule 47 in support of his motion. However, when appellee filed the motion to lift the stay, this Court had already affirmed the trial court's judgment that was stayed. The issues appellant presented in his motion to stay with regards to the forfeiture had been thoroughly litigated in his direct appeal.

{¶10} Additionally, we find any failure by the trial court to allow appellant time to file a response to be harmless. "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Criminal Rule 52(A). In the reply that appellant filed on June 16, 2023, he argued the lifting of the stay was premature because his motion for reconsideration was pending, and the Ohio Supreme Court "had not yet ruled." This Court denied appellant's motion for reconsideration of his direct appeal on July 24, 2023. Further, appellant did not file a notice of appeal with the Ohio Supreme Court regarding this Court's June 5, 2023 opinion or July 24, 2023 judgment entry. Accordingly, the issue of forfeiture has been fully litigated and finally decided.

{¶11} Based on the foregoing, appellant's assignment of error is overruled.

{¶12} The June 8, 2023 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur