[Cite as *State v. Bowen*, 2024-Ohio-2965.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                       |
|------------------------|---|-------------------------------|
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.      |
|                        | : | Hon. William B. Hoffman, J.   |
| Plaintiff-Appellee     | : | Hon. John W. Wise, J.         |
|                        | : |                               |
| -vs-                   | : |                               |
|                        | : | Case No. CT2024-0017          |
| SHARKEY BOWEN          | : |                               |
|                        | : |                               |
| Defendant-Appellant    | : | OPINION                       |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court
                            of Common Pleas, Case No. CR2023-0415

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     August 5, 2024

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JORDAN HAMMOND                         APRIL CAMBELL
Assistant Prosecutor                   545 Metro Place South, Ste. 100
27 North Fifth Street                  Dublin, OH 43017
Box 189
Zanesville, OH 43017

*Gwin, P.J.*

{¶1} Appellant Sharkey Bowen appeals his conviction and sentence from the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} On July 22, 2023, the Muskingum County Grand Jury indicted appellant on three counts of rape, felonies of the first degree, in violation of R.C. 2907.02(B), and six counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(1) and (C)(1). Appellant was arraigned on August 23, 2023, and entered a plea of not guilty to the charges.

{¶3} The charges stemmed from incidents in December of 2021. Appellant's niece reported that, during two separate incidents, appellant used his hands to squeeze her breast, touch her private parts, and rub her vaginal area. The victim also disclosed that appellant used his mouth on her vaginal area.

{¶4} Appellant, his trial counsel, and counsel for appellee each signed a "plea of guilty" form on October 30, 2023. The plea form specifically states the maximum prison term and potential fine for each charge. The form additionally provides, "I understand * * * prison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively by the Court." Further, that appellant had a mandatory five-year post-release control term after his release from prison. The form stated appellant would be classified as a Tier I sex offender, with registration required annually for fifteen years.

{¶5} The form specifically lists the rights appellant waived upon his plea of guilty, including: the right to a jury or court trial, the right to confront witnesses, the right to use the power of the court to call witnesses, and the right to have the State of Ohio prove him

guilty beyond a reasonable doubt. Appellant acknowledged he waived all of these rights. In the plea form, appellant also acknowledged he understood the nature of the charges, and his possible defenses, he was satisfied with his attorney's advice and competence, he was not under the influence of drugs or alcohol, and no threats were made to him.

{¶6} The plea form contains the plea, stated as follows:

In consideration of Defendant's plea of "guilty" to Counts Two, Three, Four, Seven, Eight, and Nine [gross sexual imposition counts], as contained in the indictment, the parties agree to a joint recommendation the Defendant be sentenced to six (6) years prison. The parties stipulate to the judicial findings necessary for the imposition of consecutive sentences. The State agrees to dismiss Counts One, Five, and Six [rape counts] of the indictment at the time of sentencing.

Defendant and defense counsel hereby withdraw any and all motions filed in this case. Such recommendation is contingent upon Defendant's compliance with all bond conditions, and Defendant's compliance with all laws pending sentencing on this matter. The parties stipulate the counts herein do not merge.

The Defendant further acknowledges that he understands any sentencing recommendation does not have to be followed by the Court.

{¶7} Appellant acknowledged via his signature that he reviewed the plea agreement, understood what it says, and agreed to it.

{¶8} The trial court held a plea hearing on October 30, 2023. At the plea hearing, the trial court informed appellant the maximum penalty for each charge and informed

appellant he would be classified as a Tier I sex offender subject to registration requirements annually. Appellant stated he understood the nature of the charges and possible defenses he had to the charges. Further, that he was satisfied with his attorney, and he was not under the influence of drugs or alcohol.

{¶9} Appellant confirmed his plea was voluntary, no one threatened or forced him to enter the plea, and no one promised him anything in exchange for his plea of guilty. The trial court detailed the plea agreement as follows: a joint recommendation of six years in prison; a stipulation to the judicial findings necessary for the imposition of consecutive sentences; and dismissal of Counts 1, 5, and 6. Appellant stated he understood the plea agreement, and he understood the trial court did not have to follow the plea recommendation.

{¶10} The trial court informed appellant of his constitutional rights. Appellant confirmed he was voluntarily waiving each constitutional right. The trial court accepted appellant's guilty plea, and ordered a pre-sentence investigation.

{¶11} The trial court held a sentencing hearing on December 13, 2023. Appellant read a letter in which he apologized for his actions and to the victim. Appellant also signed the Tier I sex offender registration form. The trial court imposed the jointly-recommended sentence of six years in prison. The trial court further found that consecutive sentences were necessary to protect the public and punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public. Further, that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses were so great or so unusual that no single prison term for any of the offenses

adequately reflects the seriousness of appellant's conduct. The trial court also informed appellant he would be subject to a mandatory five-year period of post-release control upon his release from prison, and explained to appellant his duties to register as a Tier I sex offender.

{¶12} The trial court issued a sentencing judgment entry on December 18, 2023. In the judgment entry, the trial court: granted appellee's motion to dismiss counts one, five, and six of the indictment; classified appellant as a Tier I sex offender; explained the registration requirements of a Tier I sex offender; imposed a twelve-month prison sentence on each of the remaining counts (counts two, three, four, seven, eight, and nine); found consecutive sentences were necessary to protect the public from future crime or to punish appellant; found consecutive sentences are not disproportionate to the seriousness of appellant's conduct and the danger appellant poses to the public; found at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of appellant's conduct; imposed an aggregate prison term of six years; and found post-release control is mandatory for a period of five years.

{¶13} Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924 (1967), indicating that the within appeal was wholly frivolous and setting forth one proposed assignment of error:

{¶14} "I. THE TRIAL COURT ERRED IN ACCEPTING BOWEN'S GUILTY PLEAS UNDER CRIMINAL RULE 11 AND ERRED IN SENTENCING BOWEN."

**{¶15}** This Court issued a judgment entry notifying appellant that his counsel filed an *Anders* brief, and allowing appellant file a pro se brief within sixty days of the entry. Appellant has not filed a pro se brief.

<em>Anders Law</em>

**{¶16}** In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel may accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

**{¶17}** Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

I.

**{¶18}** In the proposed assignment of error, counsel suggests appellant's plea was not knowingly, intelligently, and voluntarily made. Counsel further suggests appellant's sentence was contrary to law pursuant to R.C. 2953.08(G)(2). We disagree.

*Plea*

{¶19} When reviewing a plea's compliance with Criminal Rule 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106 (1990); *State v. Groves*, 2019-Ohio-5025 (5th Dist.).

{¶20} Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Criminal Rule 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Criminal Rule 11(C), and strictly comply with the constitutional notifications. *State v. Ballard*, 66 Ohio St.2d 473 (1981); *State v. Veney*, 2008-Ohio-5200.

{¶21} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering his plea, he waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for obtaining witnesses in his favor; (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.*

{¶22} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Criminal Rule 11(C)(2). For these non-constitutional rights, the trial court

must substantially comply with the mandates of Criminal Rule 11. *State v. Nero*, 56 Ohio St.3d 106 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Veney*, 2008-Ohio-5200.

{¶23} In this case, the trial court advised appellant of the constitutional rights he was giving up, the court informed appellant as to the maximum penalties for each charge, and explained appellant's Tier I sex-offender classification and accompanying registration requirements. Further, the trial court informed appellant the joint recommendation was not binding, and explained appellant's post-release control obligations in pleading guilty. At both the plea hearing and in the written plea agreement, appellant stated he understood what rights he was giving up, and what the potential penalties were, in pleading guilty.

{¶24} We have reviewed the record in this case, including the transcript of appellant's plea, and find it reflects the trial court's strict compliance with each constitutional notification, and its substantial compliance with each non-constitutional notification.

*Sentence*

{¶25} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if [the appellate court] clearly and convincingly finds * * * the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I)]," or " the sentence is contrary to law."

**{¶26}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954).

**{¶27}** "A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 2019-Ohio-4209 (12th Dist.).

**{¶28}** After a proper Criminal 11 colloquy, appellant pled guilty to six felonies of the fourth degree. Under R.C. 2929.14, felonies of the fourth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." The trial court sentenced appellant to twelve months on each count. The sentence on each count is within the statutory range for a fourth-degree felony. The trial court noted its consideration of the appropriate sentencing factors in its sentencing entry. The parties stipulated the counts do not merge because these were separate acts. Further, the parties agreed as part of the plea that the sentences for each count would be served consecutively, and the trial court made consecutive-sentence findings pursuant to R.C. 2929.14(C)(4). The trial court also properly imposed post-release control and the Tier I sex offender classification.

**{¶29}** Upon review of the record, we find the trial court properly informed appellant of the consequences of his plea, properly considered the factors set forth in R.C. 2929.11 and R.C. 2929.12, imposed a sentence within the permissible statutory range, and

properly imposed post-release control. Therefore, appellant's sentence is therefore not clearly and convincingly contrary to law.

{¶30} Additionally, "[a]greed sentences, like the ones in this case, are generally not reviewable on appeal * * *." *State v. Hampton*, 2023-Ohio-1868 (5th Dist.). R.C. 2953.08(D)(1) provides: a sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. R.C. 2953.08(D)(1). Although "a sentence that is 'contrary to law' is appealable by a defendant * * * an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *Id.* "If all three conditions are met, the defendant may not appeal the sentence." *Id.*

{¶31} In this case, both appellant and appellee agreed to the sentence, the trial court imposed the agreed-upon sentence, and the sentence did not exceed the maximum sentence.

{¶32} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

{¶33} Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur