[Cite as *State v. Hector*, 2025-Ohio-2819.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| PERRY  HECTOR | : | Case No. CT2025-0001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. CR2024-0520

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                August 11, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH A. PALMER                          APRIL F. CAMPBELL
27 North 5th Street                       6059 Frantz Road
#201                                      Suite 206
Zanesville, OH  43701                     Dublin, OH  43017

*King, J.*

{¶ 1}   Defendant-Appellant Perry Hector appeals the December 19, 2024 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 28, 2024, neighbors observed Hector outside his residence punching his live-in girlfriend in the face and head.

{¶ 3}   On August 7, 2024, the Muskingum County Grand Jury returned an indictment charging Hector with one count of domestic violence. The offense was a felony of the third degree due to Hector's previous convictions for domestic violence.

{¶ 4}   Following plea negotiations with the State, Hector agreed to plead guilty as charged. In exchange, the parties jointly recommended an 18-month sentence.

{¶ 5}   On October 11, 2024, Hector appeared before the trial court, withdrew his previous plea of not guilty and pled guilty as charged. The trial court ordered a pre-sentence investigation and set the matter over for sentencing.

{¶ 6}   Hector appeared for sentencing on December 16, 2024. Following its review of the presentence investigation, the trial court imposed the jointly recommended sentence of eighteen months of incarceration.

{¶ 7}   Hector filed an appeal and was appointed counsel. Thereafter, Hector's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must

accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id*. Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶ 8}   On June 20, 2024, Hector's counsel filed a motion to withdraw and indicated she sent Hector a copy of the *Anders* brief and the relevant transcripts. By judgment entry filed March 28, 2025, this court noted counsel had filed an Anders brief and indicated to the court that she had served Hector with the brief. Accordingly, this court notified Hector via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Hector did not do so.

{¶ 9}   The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following issues:

I

{¶ 10} "THE TRIAL COURT ERRED IN ACCEPTING PERRY'S GUILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

{¶ 11} When reviewing a trial court's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109 (1990); *State v. Groves*, 2019-Ohio-5025, ¶ 7 (5th Dist.).

{¶ 12} Crim.R. 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. The Supreme Court of Ohio noted the "different tiers of compliance with the rule" i.e., partially, substantially, strictly, literally, "have served only to unduly complicate what should be a fairly straightforward inquiry." *State v. Dangler*, 2020-Ohio-2765, ¶ 17. The Court stated: "Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* But the Court reaffirmed the substantial compliance rule when it stated: "the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). In *Nero*, the Supreme Court of Ohio stated: "[l]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." *Nero* at 108. "Substantial compliance" means "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 13} As to the constitutional notifications, before accepting a plea, a trial court must inform a defendant that by entering a plea, the defendant waives important constitutional rights, specifically: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the privilege against compulsory self-incrimination; (4) the right to

compulsory process to obtain witnesses; and (5) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial. Crim.R. 11(C)(2)(c).

{¶ 14} As to the non-constitutional rights, a trial court must notify a defendant of: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a) and (b).

{¶ 15} We have reviewed the transcript of Hetor's pleas and find the trial court was thorough in its explanations, and met *Dangler's* requirement of compliance with his constitutional and non-constitutional rights. Hector indicated he understood the implications of his pleas and the rights he was waiving. Transcript of Plea, October 11, 2024 at 4-10.

SENTENCES

{¶ 16} We note that the trial court imposed an agreed-upon sentence in this matter. As the Second District recently stated:

> Agreed sentences, like the ones in this case, are generally not reviewable on appeal, as R.C. 2953.08(D)(1) provides that: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D)(1).

"In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, citing R.C. 2953.08(D)(1). "If all three conditions are met, the defendant may not appeal the sentence." *Id*. Accord *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 16.

{¶ 17} *State v. Coffee*, 2023-Ohio-474, ¶ 11 (2d Dist.); Accord, *State v. Hampton*, 2023-Ohio-1868, ¶ 12 (5th Dist.).

{¶ 18} After a proper Crim.R. 11 colloquy, Hector pled guilty to one felony of the third degree, specifically his third domestic violence conviction, in violation of R.C. 2919.25. Transcript of Plea, October 11, 2024 T. at 3, 10. At the time Hector committed the instant offense, pursuant to 2929.14(A)(3), a felony domestic violence of the third degree was punishable by "definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."[1] The trial court imposed the agreed-upon sentence of eighteen months. Transcript of Sentencing, December 16, 2024 at 3, 7. Because the record reflects the trial court imposed a sentence recommended by both the State and Hector, and the sentence was authorized by law, Hector's sentence is not reviewable on appeal.

---

[1] Senate Bill 111, signed by Governor DeWine on December 19, 2024–after Hector was charged and sentenced–changed sentencing for certain third-degree felonies.

{¶ 19} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. ... An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 20} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, we grant counsel's request to withdraw.

{¶ 21} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.


By: King, J.

Baldwin, P.J. and

Gormley, J. concur.