**[Cite as *State v. Shabaa*, 2026-Ohio-1403.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-25-00159
                                                                               L-25-00160
    Appellant
                                                              Trial Court No. CR0202402315
v.                                                                          CR0202500200

Shakur Ishmail Shabaa                         **DECISION AND JUDGMENT**

    Appellee                                     Decided:  April 17, 2026

* * * * *

Julia R. Bates, Esq., Prosecutor and
William H. Dailey, V., Assistant Prosecutor for appellant.

* * * * *

**MAYLE, J.,**

{¶ 1} In this consolidated appeal, plaintiff-appellant, the State of Ohio, appeals the June 10, 2025 judgments of the Lucas County Court of Common Pleas, which ordered that forfeited funds be applied as payment toward fines imposed as part of the sentence of the defendant-appellee, Shakur Ishmail Shabaa.  Shabaa has not filed a brief.  For the following reasons, we reverse the trial court judgments.

## I. Background

{¶ 2} Shakur Ishmail Shabaa was charged with numerous drug-related offenses in three different Lucas County cases. Shabaa and the State reached a plea agreement that resolved all three cases.

{¶ 3} In two of the three cases—Lucas County case Nos. CR-24-2315 and CR-25-0200—the plea agreement contained an "additional term" concerning cash seized during the investigation of the offenses. In case No. CR-24-2315, the plea agreement provided:

> Forfeiture [a]s a result of this resolution, the Civil Forfeiture case previously filed in conjunction with this criminal case and transferred to this court (pursuant to Local Rule 5.02(C)) will be resolved with the forfeiture of $122; G-4801-CI-0202403992.

In case No. CR-25-0200, which involved a more significant amount of money—$4,460.00—the plea agreement provided:

> Forfeiture [a]s part of the resolution of this case, the defendant acknowledges that the $4,460.00 in U.S. Currency seized as part of the investigation was his property and is agreeing to its forfeiture as contraband by way of this plea agreement. Defendant expressly waives any and all of his rights under O.R.C. Chapter 2981, et seq., waives any right to appeal the forfeiture, and consents to the $4,460.00 seized on October 12, 2022 being forfeited to the State of Ohio and the Sylvania Township Police Department.

{¶ 4} No civil forfeiture complaint was filed concerning the cash seized in case No. CR-25-0200. However, as indicated above, the State did file a civil forfeiture complaint concerning the cash seized in case No. CR-24-2315 (Lucas County case No. CI-24-3992). A consent judgment was entered in the civil case providing for the forfeiture of the $122 seized in that criminal investigation. That judgment specified that

2.

70 percent of the forfeited funds would be disbursed to the City of Toledo Department of Police Operations Law Enforcement Trust Fund and 30 percent would be disbursed to the Lucas County, Ohio Prosecutor Law Enforcement Trust Fund.

{¶ 5} The trial court accepted Shabaa's pleas in all three criminal cases, made a finding of guilty, ordered a presentence investigation report, and scheduled the matters for sentencing. At sentencing, the court imposed prison terms as to each count, but it also imposed fines. In case No. CR-24-2315, the trial court imposed fines totaling $3,500; in case No. CR-25-0200, it imposed fines totaling $4,000; and in case No. CR-24-2573, it imposed a fine of $7,500.

{¶ 6} The State's appeal concerns terms contained in the sentencing entry pertaining to the forfeiture of cash and payment of the fines. In case No. CR-24-2315, the trial court judgment ordered Shabaa "to forfeit $122 in this case which can be applied to the fine in this matter." Similarly, in case No. CR-25-0200, the court ordered Shabaa "to forfeit $4,460.00 in this case which can be applied to the fine in this matter and the fines ordered in CR 24-2573 and CR 24-2315."

{¶ 7} Under R.C. 2953.08(B)(2), a prosecuting attorney may appeal a sentence imposed upon a defendant who is convicted of a felony on the basis that the sentence is contrary to law. The State sought leave to appeal the trial court judgments in case Nos. CR-24-2315 and CR-25-0200 to the extent that the court permitted the application of forfeited funds to the fines imposed. We granted leave. The State assigns the following errors for our review:

3.

State's First Assignment of Error:  The trial court erred by ordering the forfeited funds be applied to fines and court costs.  The court's forfeiture order violated the terms of the plea agreements that were agreed upon by the parties and the trial court, to the State's detriment.

State's Second Assignment of Error:  The trial court erred by applying funds forfeited by the plea agreements to the payment of court costs and fines.  By doing so, the trial court violated the terms of R.C. 2981.12(G).

## II. Law and Analysis

{¶ 8} Both of the State's assignments of error challenge the portions of the June 10, 2025 judgments ordering the application of forfeited funds to the payment of fines imposed as part of Shabaa's sentences.  In its first assignment of error, the State argues that the court's forfeiture orders violated the terms of the plea agreements.  In its second assignment of error, it argues that the court's forfeiture orders violated R.C. 2981.12(G).

{¶ 9} Rather than organizing our analysis by assignments of error, we organize our analysis by case.

### A. The $122 Seized in Case No. CR-24-2315

{¶ 10} The plea agreement in Case No. CR-24-2315 references the civil forfeiture action respecting the $122 seized in connection with that criminal case.  The civil forfeiture action was brought under R.C. Chapter 2981.  A consent judgment was entered in the civil case providing for the forfeiture of the $122.

{¶ 11} Under R.C. 2981.12(G), "[a]ny property forfeited under this chapter shall not be used to pay any fine imposed upon a person who is convicted of or pleads guilty to

an underlying criminal offense or a different offense arising out of the same facts and circumstances."

{¶ 12} Here, the trial court ordered that the $122 could be applied against the fine imposed in the related criminal case. Because this is specifically prohibited under R.C. 2981.12(G), we find that the trial court erred when it permitted Shabaa to pay the fine imposed in his criminal case with funds forfeited in the civil forfeiture action.

### B. The $4,460.00 Seized in Case No. CR-25-0200

{¶ 13} Unlike the $122 in case No. CR-24-2315, the $4,460 seized in connection with case No. CR-25-0200 was not the subject of a separate civil forfeiture action. Instead, forfeiture of those funds was accomplished entirely through the plea agreement. Ohio cases hold that where forfeiture is effectuated through the parties' negotiated agreement rather than under the procedures set forth in R.C. Chapter 2981, adherence with those statutory procedures is unnecessary. *State v. Hampton*, 2023-Ohio-1868, ¶ 18 (5th Dist.); *State v. Glanton,* 2020-Ohio-834, ¶ 15 (6th Dist.). This issue usually arises where a defendant argues that the forfeiture violated his due-process rights or constituted an excessive fine. *See, e.g., Hampton* at ¶ 16; *Glanton* at ¶ 12; *State v. Compton*, 2021-Ohio-3106, ¶ 1 (8th Dist.); *State v. Whitmore,* 2005-Ohio-4018, ¶ 10 (6th Dist.). The issue here, however, is whether a trial court is permitted to allow a defendant to use forfeited funds to pay a fine where the forfeiture was accomplished through the parties' negotiated plea agreement rather than under R.C. Chapter 2981.

5.

{¶ 14} The State argues that the trial court lacked authority to sua sponte alter the terms of the plea agreement. It also asks that we clarify that while compliance with R.C. Chapter 2981 is unnecessary to effectuate the forfeiture of funds where forfeiture is a term contained in the parties' plea agreement, the provisions of that chapter relating to the disbursement of forfeited funds nevertheless apply, including R.C. 2981.12(G). We choose to resolve this issue based on the terms of the plea agreement.

{¶ 15} Here, the plea agreement provided that the $4,460 would be forfeited to the State of Ohio and the Sylvania Township Police Department, yet the trial court ordered the funds to be applied to the fine imposed. The Eighth District considered a similar issue in *State v. Wade,* 2005-Ohio-4823 (8th Dist.).

{¶ 16} In *Wade,* the defendant, by plea agreement, agreed to the forfeiture of cash that had been seized during the investigation of his criminal case. After accepting defendant's plea, the trial court ordered that some of the forfeited cash be applied to court costs and the remainder be returned to the defendant. The State appealed. The Eighth District concluded that "[i]t [wa]s clear from the record that the forfeiture of the seized money was part of the plea agreement and, as such, the court lacked authority to alter the plea agreement and order the return of voluntarily forfeited property."

{¶ 17} We reach the same conclusion here. As part of the plea agreement, Shabaa specifically agreed that the $4,460 seized during the investigation would be forfeited to the State of Ohio and the Sylvania Township Police Department. This was negotiated in exchange for the dismissal and reduction of numerous charges. Contrary to the terms of

6.

the plea agreement, the trial court's order permitting application of the forfeited funds towards payment of the fines imposed had the effect of returning the property to Shabaa. The trial court lacked authority to alter the plea agreement in this manner.

## C. Resolution of the Assignments of Error

{¶ 18} Turning to the State's assignments of error as phrased, as to its first assignment of error, we find that with respect to the $4,460 forfeited in Lucas County case No. CR-25-0200, the trial court's order permitting the forfeited funds to be applied to the payment of fines and court costs violated the terms of the parties' plea agreement. To that end, the State's first assignment of error is well-taken, in part, and not well-taken, in part.

{¶ 19} As to the State's second assignment of error, we find that with respect to the $122 forfeited in Lucas County case No. CR-24-2315, the trial court's order permitting the forfeited funds to be applied to the payment of court costs and fines violated R.C. 2981.12(G). To that end, the State's second assignment of error is well-taken, in part, and not well-taken, in part.

## III. Conclusion

{¶ 20} The trial court lacked authority to permit funds forfeited under the terms of the parties' plea agreement in Lucas County case No. CR-25-0200 to be applied to fines imposed in the criminal case because the plea agreement specifically provided that the forfeited funds would be disbursed to the State and to the Sylvania Township Police

7.

Department. We find the State's first assignment of error well-taken, in part, and not well-taken, in part.

{¶ 21} The trial court violated R.C. 2981.12(G) when in Lucas County case No. CR-24-2315, it permitted funds forfeited by consent judgment in the civil forfeiture proceeding to be applied against fines imposed in the criminal case. We find the State's second assignment of error well-taken, in part, and not well-taken, in part.

{¶ 22} We reverse the June 10, 2025 judgments of the Lucas County Court of Common Pleas and remand this matter to the trial court for proceedings consistent with this decision. Shabaa is ordered to pay the costs of this appeal under App.R. 24.

Judgments reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, P.J. | |
|---|---|
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.